UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA L. BONKOFSKY,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:23-cv-2690 AC<br><br><br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be DENIED, and defendant's cross-motion for summary judgment will be GRANTED.

I. PROCEDURAL BACKGROUND

Plaintiff was found disabled on June 13, 2012.  Administrative Record ("AR") 29.[2]  On September 6, 2016, it was determined that plaintiff was no longer disabled as of September 1,

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2] Two copies of the AR are electronically filed as ECF No. 9 (AR 1 to AR 3997).

1

1  2016.  AR 29.  This determination was upheld both after reconsideration and by ALJ Michael
2  Cabotaje after a hearing in San Rafael, California, on July 18, 2019.  AR 147-193 (transcript).
3  Upon plaintiff's appeal, the Appeals Council remanded the matter for further proceedings.  AR
4  29.  After a supplemental hearing in San Rafael on May 20, 2021, ALJ Cabotaje again found on
5  July 13, 2021 that plaintiff was no longer disabled.  Id.; AR 107-146 (transcript).

Upon plaintiff's appeal of the ALJ's second decision, the Appeals Council remanded the case to "[o]btain additional evidence concerning the claimant's impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence[.]"  AR 29.  It also authorized the ALJ, "[i]f warranted by the record, [to] obtain supplemental evidence from a vocational expert [VE] to clarify the effect of the assessed limitations on the claimant's occupational base[.]"  Id.

On February 7, 2023, ALJ Serena Hong presided over the subsequent supplemental hearing in San Rafael, California.  AR 59-93 (transcript).  Plaintiff, who appeared with her counsel John Metzger, was present at the hearing.  AR 59.  VE Bernard Preston also testified.  AR 59.

On April 27, 2023, the ALJ found that under Sections 216(i) and 223(f) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(f), plaintiff's disability ended on September 1, 2016, and had not resumed since.  AR 29-46 (decision), 47-58 (exhibit list).  On September 19, 2023, after receiving Exhibit 53E, a Representative Brief dated June 27, 2023 as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 3-7 (decision and additional exhibit list).

Plaintiff filed this action on November 17, 2023.  ECF No. 1; see 42 U.S.C. § 405(g).  The parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 6, 8.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been briefed.  ECF Nos. 12 (plaintiff's summary judgment motion), 18 (defendant's summary judgment motion), 19 (plaintiff's reply brief).

////

## II.  FACTUAL BACKGROUND

Plaintiff was born on October 30, 1970, and accordingly was, at age 45, a younger individual under the regulations as of September 1, 2016.  AR 45; see 20 C.F.R. §§ 404.1563(d), 416.963(c).[3]  Plaintiff has a high school education, has two years of college, and can communicate in English.  AR 45, 756, 758.  Plaintiff worked as a sales associate from 1996 to 2007 and a "pack down" from 2007 to 2012.  AR 758.

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS,

---

[3] Plaintiff was therefore 52, or a person closely approaching advanced age, as of the ALJ's decision in April 2023.  AR 46; see 20 C.F.R. §§ 404.1563(d).  The ALJ must, however, use the age category "during the period for which [it] must determine if [plaintiff is] disabled."  20 C.F.R. § 404.1563(b).  An application for disability benefits in Brophy v. Halter, for example, asserted that a plaintiff became unable to work because of a disabling condition on August 1, 1995, and was "still disabled."  153 F. Supp. 2d 667, 670 (E.D. Penn. 2001).  The court reasoned that the plaintiff therefore sought a disability determination for a period beginning on August 1, 1995.  Id. Because "the relevant age category is determined by the period of August 1, 1995, extending indefinitely forward[,]" the court refused to apply the regulations based on the plaintiff's age as of the court's decision.  Id.  Plaintiff's age is calculated based on the original determination date.

3

846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

4

>Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

>Step four: Does the claimant's residual functional capacity [RFC] make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

>Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

>1. The most recent favorable medical decision finding that the claimant was disabled is the determination dated July 3, 2012. This is known as the "comparison point decision" or CPD.
>
>2. At the time of the CPD, the claimant had the following medically determinable impairments: compression fracture of the radial head of the left elbow; bilateral wrist sprains; endometriosis; irritable bowel syndrome; and interstitial cystitis. These impairments were

found to result in the residual functional capacity to occasionally lift and carry less than ten pounds; no crawling; no climbing of ladders, ropes, or scaffolds; and no more than occasional handling and fingering bilaterally.

3. Through the date of this decision, the claimant has engaged in substantial gainful activity (20 CFR 404.1594(f)(1)).

4. The medical evidence establishes that, since September 1, 2016, the claimant has had the following medically determinable impairments: left elbow ulnar neuropathy; left wrist flexor and extensor tendonitis; status-post, open reduction internal fixation (ORIF) of distal radius left and right wrist fracture; carpal tunnel syndrome; complex regional pain syndrome (CRPS), bilaterally; and adjustment disorder.  These are the claimant's current severe impairments.

5. Since September 1, 2016, the claimant has not had an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

6. Medical improvement occurred on September 1, 2016 (20 CFR 404.1594(b)(1)).

7. Since September 1, 2016, the impairments present at the time of the CPD decreased in medical severity to the point where the claimant has had the residual functional capacity to perform a reduced range of light exertional work.  She can lift up to 10 pounds frequently.  She can frequently push/pull with the bilateral upper extremities.  She can occasionally climb ladders, ropes, or scaffold. She can frequently perform other postural maneuvers such as stooping, crouching, and kneeling, as described in the SCO.  She can frequently reach, handle, and finger.  She would work best in an environment that is task-oriented and does not require a specific production pace.

8. The claimant's medical improvement is related to the ability to work because it resulted in an increase in the claimant's residual functional capacity (20 CFR 404.1594(c)(3)(ii)).

9. Since September 1, 2016, the claimant has continued to have a severe impairment or combination of impairments (20 CFR 404.1594(f)(6)).

10. Based on the impairments present since September 1, 2016, the claimant has had the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b). She can lift up to 10 pounds frequently. She can frequently push/pull with the bilateral upper extremities. She can occasionally climb ladders, ropes, or scaffold. She can frequently perform other postural maneuvers such as stooping, crouching, and kneeling, as described in the SCO. She can frequently reach, handle, and finger.  She would work best in an environment that is task-oriented and does not require a specific production pace.

> 11. Since September 1, 2016, the claimant has been unable to perform past relevant work (20 CFR 404.1565).
>
> 12. On September 1, 2016, the claimant was a younger individual age 18-49 (20 CFR 404.1563).
>
> 13. The claimant has at least a high school education (20 CFR 404.1564).
>
> 14. Since September 1, 2016, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 15. Since September 1, 2016, considering the claimant's age, education, work experience, and residual functional capacity based on the impairments present since September 1, 2016, the claimant has been able to perform a significant number of jobs in the national economy (20 CFR 404.1560(c) and 404.1566).
>
> 16. The claimant's disability ended on September 1, 2016, and the claimant has not become disabled again since that date (20 CFR 404.1594(f)(8)).

AR 31-45.[4]

As noted, the ALJ concluded that plaintiff's disability had ended on September 1, 2016, and plaintiff had not become disabled again since.  AR 46.

## VI.  ANALYSIS

Plaintiff alleges that having assessed an RFC of light work with "additional limiting factors," the ALJ erred in finding that she was not disabled because those limiting factors significantly erode the light and sedentary occupational base that plaintiff can perform.  ECF No. 12 at 15-16, 22.  Plaintiff argues that the court should therefore remand the case for further proceedings.  Id. at 23.

A. Role of the Grid Rules in Disability Determination

A plaintiff may be found not disabled at step four based on a finding that she can perform past relevant work as it was actually performed, or as it is generally performed in the national economy.  Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001).  If a plaintiff cannot perform

---

[4] The seventeenth page of the ALJ's decision appears before the sixteenth in the record.  AR 44-45.

this work, however, the Commissioner has the burden in step five of showing that, "taking into account a claimant's age, education, and vocational background, she can perform any substantial gainful work in the national economy." Pinto, 249 F.3d at 844.

Appendix 2 to 20 C.F.R. Part 404 includes a set of rules, colloquially known as the "grid rules," which "reflect the analysis of the various vocational factors…in combination with the individual's [RFC]…in evaluating the individual's ability to engage in substantial gainful activity in other than his or her vocationally relevant past work." 20 C.F.R. Part 404, Subpt. P., App. 2 § 200.00(a). If the findings of fact as to the combination of vocational factors and RFC coincide with all criteria of a particular rule, the ALJ must follow the rule's "conclusion as to whether the individual is…disabled[.]" Id.; Cooper v. Sullivan, 880 F.2d 1152, 1157-58 (9th Cir. 1989). If such findings of fact do not completely coincide with a particular rule, "full consideration must be given to all of the relevant facts of the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations." 20 C.F.R. Part 404, Subpt. P., App. 2 § 200.00(a).

Grid rules, however, do not direct factual disability conclusions if the "impairment(s) and related symptoms, such as pain, only affect [plaintiff's] ability to perform the nonexertional aspects of work-related activities[.]" 20 C.F.R. § 404.1569a(c)(2). Nonexertional aspects include any demand of a job other than strength demands such as "sitting, standing, walking, lifting, carrying, pushing, and pulling[.]" Id. at §§ 404.1569a(b), 404.1569a(c)(1). When impairments and their related symptoms impose both exertional and nonexertional limitations, the Commissioner will directly apply the appropriate grid rule if it directs a finding that the plaintiff is disabled, but will otherwise use the rules as a "framework to guide [its] decision." Id. at § 404.1569a(d); Social Security Ruling ("SSR") 83-14.

When a claimant's exertional level falls between two rules which direct opposite conclusions as to disability, SSRs 83-12 and 83-14 direct the Commissioner to assess the exertional capacity in terms of the regulatory criteria and the extent of erosion in the occupational base. A capacity that is only slightly reduced "could indicate a sufficient remaining occupational base to satisfy the minimal requirements for a finding of 'Not disabled.'" SSR 83-12 § 2(a). A

8

significantly reduced capacity "could indicate little more than the occupational base for the lower rule and…justify finding of 'Disabled.'" Id. at § 2(b). Because a capacity that is "somewhere 'in the middle'" requires a more difficult judgment, a VE's assistance is advisable in such cases. Id. at § 2(c),

Here, plaintiff has failed to show that the ALJ erred in her analysis at step five. Specifically, plaintiff failed to demonstrate that the ALJ did not account for the degree of erosion in the light or sedentary occupational base, particularly as plaintiff overstates the degree of light occupational erosion.

### B. The ALJ Did Not Err in Finding that Plaintiff Can Perform a Substantial Range of Light Work

The grid rules estimate that there are "200 separate unskilled sedentary occupations" and a cumulative "1,600 separate sedentary and light unskilled occupations…each representing numerous jobs in the national economy." 20 C.F.R. Part 404, Subpt. P., App. 2 §§ 201.00, 202.00; SSR 83-10. The appendix directs a finding of disabled if the plaintiff's RFC limits her to sedentary work, she is between 50-54 years old and therefore "closely approaching advanced age[,]" she is at least a high-school graduate but her education "does not provide for direct entry into skilled work[,]" and she is "skilled or semi-skilled" but those skills are "not transferable." Id. at §§ 201.14, 202.00(d). If plaintiff's RFC limits her to "light work" but all other factors are the same, the appendix instead directs a finding of "not disabled." Id. at § 202.14.

The ALJ defined plaintiff's RFC as "a reduced range of light exertional work" as of September 1, 2016. AR 36. The ALJ specifically found that plaintiff can frequently "lift up to 10 pounds…push/pull with the bilateral upper extremities…perform other postural maneuvers such as stooping, crouching, and kneeling…[and] reach, handle, and finger." Id. She also "can occasionally climb ladders, ropes, or scaffold." Id.

The ALJ then found that based on plaintiff's age, education, work experience, and her RFC as of September 1, 2016, she could "perform a significant number of jobs in the national economy." AR 45. Because plaintiff's capacity to work was impeded by limitations beyond a "light work" RFC, the ALJ had asked the VE "whether jobs existed in the national economy for

9

1 an individual with the claimant's age, education, work experience, and residual functional
2 capacity since September 1, 2016." AR 44. On the basis of the VE's testimony, the ALJ
3 identified three "representative occupations" with a "light" exertional level and three with a
4 "sedentary" exertional level, for which plaintiff "would be able to perform the requirements[,]"
5 along with the approximate number of job openings for each. AR 44. The ALJ concluded that
6 plaintiff could make "successful adjustment to work that existed in significant numbers in the
7 national economy." AR 44.

Plaintiff argues that because the ALJ found her capable of performing only three of 1,400
light unskilled[5] occupations, she should have been found disabled as of the day she turned 50 in
order to comply with section 201.14 of Appendix 2. ECF No. 12 at 16. Defendant replies that
this argument is moot because the ALJ consulted a VE pursuant to relevant SSRs and Ninth
Circuit case law. ECF No. 18 at 7. In any event, defendant argues that the ALJ did not find that
plaintiff could perform only three light exertion unskilled occupations. Id. at 7-8. She merely
asked the VE to list three such occupations as examples of the work plaintiff could perform given
her RFC. Id. Defendant further notes that the VE testified that these three light occupations
encompass 290,000 jobs, which is sufficient to meet the Commissioner's limited burden at step
five. Id. at 8. Plaintiff replies that both defendant and the ALJ improperly conflate the
occupational base with the job base, whereas only the former is relevant to the grid rules. ECF
No. 19 at 3-5 (citing Lounsburry v. Barnhart, 468 F.3d 1111, 1117 (9th Cir. 2006)).[6]

The primacy of the number of occupations over the number of jobs is limited to
circumstances in which the grid rules apply. The Ninth Circuit did hold in Lounsburry that the
term "work" as used in Appendix 2 "means distinct *occupations*, and 'significant numbers' is no

---

[5] Defendant disputes plaintiff's presumption that she cannot engage in skilled work and that any such skills are not transferrable. ECF No. 18 at 7. The ALJ did not rule on these issues because she held that the grid rules supported "a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills[.]" AR 45. For review purposes, the court will presume plaintiff has no transferable job skills.
[6] The version of the case to which plaintiff cites was superseded by an amended opinion. See Jones v. Astrue, No. 2:09-cv-03214 KJN, 2011 U.S. Dist. LEXIS 35401 at *30, 2011 WL 1253727 at *9 (E.D. Cal. Mar. 30, 2011).

10

1    substitute for and cannot satisfy the plain language" thereof. Lounsburry v. Barnhart, 468 F.3d
2    1111, 1117 (9th Cir. 2006) (emphasis original). The Ninth Circuit accordingly held in Maxwell
3    v. Saul, 971 F.3d 1128, 1129, 1131-32 (9th Cir. 2020), that an ALJ cannot find a plaintiff "not
4    disabled" when the VE determined that she "could perform only two occupations[,]" no matter
5    how many jobs those occupations represented.

6        In another case, however, the Ninth Circuit noted that "when a claimant falls between two
7    grids, consultation with a VE is appropriate." Moore v. Apfel, 216 F.3d 864, 870 (9th Cir. 2000)
8    (citing SSR 83-12). The VE consulted in Moore had testified that a person with the plaintiff's
9    "profile could perform substantial gainful work in the economy." 216 F.3d at 870. The Ninth
10   Circuit held that the evidence therefore "rationally support[ed]" the ALJ's decision to rely on the
11   VE's testimony and find the plaintiff "not disabled." Id. at 871. Even if the evidence could also
12   be interpreted to support plaintiff's position that he should have been classified as disabled due to
13   the erosion of light work, the court noted that the ALJ's conclusion must be upheld if rational. Id.
14   at 870-71.

15       Similarly, this district court has distinguished between "a determination regarding the
16   types of other work that the claimant could perform made under the specific language of a
17   particular 'grid rule'" and "testimony about other work by a vocational expert." Jones v. Astrue,
18   No. 2:09–cv–03214 KJN, 2011 U.S. Dist. LEXIS 35401 at *30, 2011 WL 1253727 at *9 (E.D.
19   Cal. Mar. 30, 2011). Once the ALJ determined the plaintiff could not perform the full range of
20   light work under the applicable grid rule, step five proceeded "under a different and
21   distinguishable analytical framework." 2011 U.S. Dist. LEXIS 35401 at *30-31, 2011 WL
22   1253727 at *9. The court therefore rejected plaintiff's argument that two occupations cannot
23   "constitute a 'significant range' of work[.]" Id.

24       The hearing transcript in this case supports defendant's assertion that the light occupations
25   identified by the ALJ are "representative" rather than intended as an exhaustive list. See AR 44.
26   During the hearing, the ALJ asked the VE whether a hypothetical claimant with the same RFC
27   and limitations as plaintiff could perform her past work. AR 82-83. The VE initially testified
28   that per the Dictionary of Occupational Titles ("DOT"), such a claimant could only perform

11

sedentary work because she could only lift and carry up to ten pounds. AR 83, 87. The ALJ then asked the VE about the "erosion on the light occupational base[,]" noting that some jobs were "light because of the standing and walking and not necessarily the lifting and carrying[.]" AR 84. The VE then testified that in his experience, the hypothetical claimant could perform some light unskilled jobs. AR 84, 87. The ALJ asked the VE to list three such occupations, which the VE did. AR 84. Neither the VE nor the ALJ limited the plaintiff's capacity for light work to these three occupations.

Even if the court were to assume that the VE had limited plaintiff to three light occupations, this alone would not render the ALJ's finding legally defective. Plaintiff admits that her occupational capacity does not precisely match the conditions listed in either of the cited grid rules. See ECF No. 12 at 14. The ALJ's primary duty in such circumstances was to consult a VE, which she did. See SSR 83-12 § 2(c). Plaintiff's argument nevertheless applies the grid rules' framework and prioritizes the number of occupations over the number of jobs available. Although the ALJ "could" have used the degree of occupation erosion to justify either a finding of disabled or not disabled, she was not required to do so. See id. at §§ 2(a)-(b). At best, the evidence can be reasonably construed to support either plaintiff's argument or the ALJ's decision, in which case the latter prevails. See Moore, 216 F.3d at 870-71.

Plaintiff has failed to demonstrate that the ALJ overstated the degree of light work that she can perform.

C. The ALJ Did Not Err by Finding Plaintiff "Not Disabled" Despite Erosion in the Sedentary Occupation Base.

The DOT's Selected Characteristics of Occupations ("SCO") categorizes the degree of strength demand required for each occupation as "none," "occasional," "frequent," and "constant." Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, U.S. Department of Labor, p. C-2 (1993). The ALJ found that plaintiff could "frequently reach, handle, and finger." AR 36. Plaintiff argues that she is therefore unable to engage in 42 out of 200 unskilled sedentary occupations that required "constant" reaching, handling, or fingering. ECF No. 12 at 16-23. Plaintiff therefore can only perform 158 sedentary

12

1  unskilled occupations and three light unskilled occupations, for a total of 161 unskilled
2  occupations.  Id. at 22.  Plaintiff concludes that because this is less that the occupational base of
3  200 sedentary occupations contemplated in section 201.14 of Appendix 2, the ALJ should have
4  found her disabled.  Id.
5        Defendant argues that erosion of the sedentary occupational base does not alone require a
6  finding of disability.  ECF No. 18 at 9 (citing SSR 96-9p).  Defendant further notes that the VE
7  testified as to what light and sedentary occupations plaintiff could perform with her RFC and
8  limitations, along with how many jobs they encompass.  ECF No. 18 at 10.
9        When exertional capacities are less than required to perform a full range of sedentary
10 work, the occupational base is "eroded" by the additional limitations.  SSR 96-09p.  "However,
11 the mere inability to perform substantially all sedentary unskilled occupations does not equate
12 with a finding of disability."  Id.  Evaluating step five in such cases involves adjudicative
13 judgment regarding factors like "the impact of the limitations or restrictions on the number of
14 sedentary unskilled occupations or the total number of jobs to which the individual may be able to
15 adjust[.]"  Id.  If these factors have "more than a slight impact" on the plaintiff's capacity to
16 perform the full range of sedentary work, an adjudicator who finds that the plaintiff is able to do
17 other work "must cite examples of occupations or jobs the individual can do and provide a
18 statement of the incidence of such work in the region where the individual resides or in several
19 regions of the country."  Id.
20       As discussed above, the ALJ did not find that plaintiff can perform only three light
21 occupations.  In any case, if a plaintiff can be "not disabled" even if unable to perform all 200
22 unskilled sedentary occupations, a plaintiff can be "not disabled" even if the total number of
23 occupations she can perform does not exceed 200.  See SSR 96-9p.  The question is whether the
24 ALJ provided sufficient evidence to justify finding plaintiff "not disabled" despite such erosion.
25 Here, when asked during the hearing, the VE testified to three "examples" of sedentary
26 occupations that plaintiff could perform.  AR 44, 83.  He also testified to the number of jobs
27 nationally available for each occupation, totaling 127,455.  AR 44, 83.
28       Because the ALJ fulfilled her burden under SSR 96-9p, she did not err in finding that

plaintiff is "not disabled" despite sedentary occupation erosion.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is GRANTED;

3. This Commissioner's final decision in this matter is AFFIRMED; and

4. The Clerk of the Court shall enter judgment for the defendant and close this case.

DATED: January 23, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE